UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GUILIO MESADIEU,

                Plaintiff,

v.

UNION COUNTY, *et. al.*,

                Defendants.

Civ. Action No. 17-9014 (JXN) (JBC)

**OPINION**

**NEALS**, District Judge:

    Plaintiff, Guilio Mesadieu ("Plaintiff"), is a state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with an amended complaint for civil rights violations filed pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' Officer Wilson ("Wilson") and Lieutenant Thomas Muir ("Muir") (collectively, "Defendants") motion for summary judgment (ECF No. 57), Plaintiff's response (ECF No. 58), and Defendants' reply (ECF No. 59). For the reasons below, Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part.

**I. FACTUAL BACKGROUND**[1]

    At all relevant times, Plaintiff was a pretrial detainee confined at Union County Jail.[2] (ECF No. 58 at 1.) Plaintiff's civil rights action arises from injuries Plaintiff sustained when he was allegedly assaulted by Defendant Wilson.

---

[1] The Court addresses only the facts relevant to the Defendants at issue in the instant motion for summary judgment.
[2] The Court previously noted in its screening Opinion that Plaintiff's Complaint failed to specify whether Plaintiff was a convicted prisoner or a non-convicted pretrial detainee. For the purpose of screening, the Court presumed Plaintiff was a convicted prisoner on December 23, 2016. (*See* ECF No. 5 at 2, n. 4.) Plaintiff submits in his statement of facts

It is undisputed that on December 23, 2016, Defendant Wilson entered Plaintiff's cell. (ECF No. 57-3, Def. Statement of Material Facts ("DSOMF") ¶ 11.) The subsequent facts are largely disputed. Plaintiff submits that on December 23, 2016, while Plaintiff was sleeping in his cell, he was awakened by Defendant Wilson kicking and stomping him. (ECF No. 12 at 1; ECF No. 57-3, Ex. A, Pl. Interrogatory Answers, ¶ 4.) Plaintiff alleges that Defendant Wilson then exited his cell and returned to continue the assault by pulling Plaintiff's bed sheets off his body, throwing them on the ground, and pulling Plaintiff's leg until he was hanging off the bed. (ECF No. 12 at 1; ECF No. 57-3, Ex. A ¶¶ 4, 5.) Plaintiff submits that Defendant Wilson left the cell and returned for a third time wearing gloves and proceeded to punch Plaintiff and pulled at Plaintiff's uniform exposing his bare rear end and lower back. (*Id.*) The assault lasted for a substantial amount of time "undisturbed by [Defendant Wilson's] subordinate spectators, which made Plaintiff very afraid for his life." (ECF No. 12 at 1.) Plaintiff alleges that he suffered from bruised ribs, severe pain in his right leg, and emotional distress, as a result of the attack. (*Id.*; ECF No. 57-3, Ex. A. ¶ 6.)

Defendants submit that there was no assault. (DSOMF ¶ 11; ECF No. 57-3, Ex. I, Wilson Interrogatory Answers, ¶ 5.) Defendants submit that Defendant Wilson entered Plaintiff's cell after he did not respond when called to go to the medical unit. (*Id.*) Defendant Wilson claims that she entered Plaintiff's cell and nudged his foot. (*Id.*) In her interrogatory answers, Defendant Wilson answered the following:

> [Defendant Wilson] yelled out [Plaintiff's] name several times but did not receive a response. [Defendant Wilson] entered the cell 4B12. [She] called [Plaintiff's] name but again, no response or movement. [Plaintiff] looked and smelled not to have showered or groomed in a few days. [Plaintiff's] foot was handing off the bed so [Defendant Wilson] nudged it with [her] foot as [she] called out his

---

in response to Defendants' motion for summary judgment that he was a pretrial detainee at the Union County Jail on December 23, 2015. (ECF No. 58 at 1.) Defendants do not dispute this fact.

> name with still no response. [Defendant Wilson] immediately left the cell to put on rubber gloves. After [she] nudged his arm, he turned over and said that he was not going to medical. [Defendant Wilson's] superior officer was immediately notified and documentation was made.

(ECF No. 57-3, Ex. I ¶ 5.) Defendants also submit that "although [] Plaintiff claims that he sustained injuries as a result of the alleged assault on December 23, 2016 (a Friday,) [] Plaintiff refused to be examined and therefore treatment, if necessary, on December 26, 2016 (a Monday), the date of his initial medical screening." (ECF No. 57-3 ¶ 12.)

It is undisputed that Plaintiff's sister made a complaint regarding the incident and an investigation determined no assault took place. (ECF No. 12 at 1; ECF No. 57-3, Ex. I ¶ 5.)

Regarding Defendant Muir, Plaintiff alleges that after the attack Defendant Wilson's supervisor entered his cell wearing the name Muir on his uniform and asked what Plaintiff wanted to do. (ECF No. 58 at 1.) Plaintiff alleges he informed Defendant Muir that he wanted to file a complaint and Defendant Muir exited the cell without rendering aid and stating "we're not beat." (*Id.*)

Defendants submit that Defendant Muir was not working at the Union County Jail on December 23, 2016. (DSOMF ¶ 13.) According to Defendants' statement of material facts, Defendant Muir's name does not appear on "the daily roster 8-4 shift and 4-12 shift for Friday, December 23, 2016." (*Id.*) The supervisor assigned to Plaintiff's floor was Sergeant Nagy, and that name appears on the daily roster. (*Id.*)

## II. RELEVANT PROCEDURAL BACKGROUND

On October 23, 2017, Plaintiff filed his original complaint in this matter. (ECF No. 1.) The Honorable John Michael Vazquez, United States District Judge, District of New Jersey[3] screened

---

[3] This matter was reassigned to the undersigned on June 30, 2021. (ECF No. 48.)

the original complaint pursuant to 28 U.S.C. 1915(e)(2)(B) and allowed the following claims to proceed: (1) Plaintiff's 42 U.S.C. § 1983 excessive force claim against Defendant Wilson; (2) Plaintiff's § 1983 civil conspiracy claim against Defendant Wilson and Defendant Muir; and (3) Plaintiff's state law claims for assault, cruel and unusual punishment, and intentional infliction of emotional distress against Defendant Wilson. (*See* ECF No. 5.) All other claims were dismissed without prejudice. (*See id.*)

On June 21, 2019, Plaintiff filed a motion to amend (ECF No. 10), which the Honorable James B. Clark, United States Magistrate Judge, District of New Jersey, granted (ECF No. 11). Plaintiff's Amended Complaint was filed on July 2, 2019. (ECF No. 12.) The Amended Complaint reasserts Plaintiff's claims against Defendants and adds claims against multiple new defendants who are not parties to Defendants' motion for summary judgment. (*See id.*) Defendants filed an Answer to the Amended Complaint on August 28, 2020. (ECF No. 31.)

Defendants now move for summary judgment, arguing (1) that Plaintiff cannot identify any injury that he may have sustained without reliable medical records and/or medical testimony and (2) that there is no factual basis for Defendant Muir to be named as a defendant in this matter. (*See generally* ECF No. 57-4.) Plaintiff responded opposing summary judgment (ECF No. 58) and Defendants replied (ECF No. 59). Accordingly, briefing is complete, and this matter is ripe for determination.

### III. LEGAL STANDARD

A court should grant summary judgment if the evidence in the record, viewed with all reasonable inferences in favor of the nonmoving party, demonstrates that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330

4

(1986); *Todaro v. Bowman*, 872 F.2d 43, 46 (3d Cir. 1989). An issue is "genuine" only if a reasonable jury could possibly find in the non-movant's favor on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" only if it influences the outcome under the applicable law. *Id.* at 248.

The moving party bears the initial burden of informing the district court of the basis for its motion and demonstrating either (1) that there is no genuine issue of fact and that as a matter of law, the moving party must prevail, or (2) that the nonmoving party has not shown facts relating to an essential element of the issue for which he bears the burden. *Celotex*, 477 U.S. at 323, 331. Once either showing is made, the burden shifts to the nonmoving party, who must demonstrate facts which support each element for which he bears the burden and establish the existence of genuine issues of material fact. *Id.* To satisfy this burden, the non-moving party "may not rest upon the mere allegations or denials of his pleading," Fed. R. Civ. P. 56(e), and he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993). The non-moving party must go beyond the pleadings and point to specific factual evidence showing there is a genuine material issue for trial. *Celotex*, 477 U.S. at 323–24. This is a rigorous burden for the non-movant: he must "point to concrete evidence in the record that supports each and every essential element of his case." *Orsatte v. N.J. State Police*, 71 F. 3d 480, 484 (3d Cir. 1995). Speculation and conjecture will not suffice. *See Jackson v. Danberd*, 594 F.3d 210, 227 (3d. Cir. 2010).

**IV. ANALYSIS**

Defendants argue that they are entitled to summary judgment on Plaintiff's claims against Defendant Wilson and Defendant Muir.

**1. Defendant Wilson**

Defendants move for summary judgment on all counts in the Amended Complaint as it pertains to Defendant Wilson. Defendants motion for summary judgment does not cite to the Fourteenth Amendment reasonableness standard. Defendants spend a significant portion of their brief arguing, however, that Plaintiff has failed to show any injury to himself. (*See* ECF No. 57-4 at 5-8.) It appears Defendants argue essentially that Plaintiff cannot show a Fourteenth Amendment excessive force claim when he has produced no evidence of an injury. (*Id.*)

Because Plaintiff was a pretrial detainee on December 23, 2016, his excessive force claim against Defendant Wilson is analyzed under Fourteenth Amendment Due Process standards. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *see also Bell v. Wolfish*, 441 U.S. 520 (1979); accord *Sanders v. County of Camden*, No. 15-1129, 2017 WL 3332056, at *9 (evaluating pretrial detainee's § 1983 claim that CO defendants utilized excessive force against him on January 27, 2013 under the standard announced in *Kingsley* in 2015). For Plaintiff to prevail on this claim, he "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. The issue of whether the force used was reasonable under the Fourteenth Amendment depends on the facts of the case, including "[1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively

6

resisting." *Robinson v. Danberg*, 673 F.App'x 205, 209 (3d Cir. 2016) (quoting *Kingsley*, 576 U.S. at 397) (alternations in original).

There is a factual dispute as to whether Defendant Wilson used unreasonable force. It is undisputed that Defendant Wilson entered Plaintiff's cell on December 23, 2016. What took place once Defendant Wilson was inside Plaintiff's cell is a disputed issue of material fact. (DSOMF ¶ 11.) Defendant Wilson alleges that she only "nudged" Plaintiff's leg and arm, after receiving no response when she called his name. (ECF No. 57-3, Ex. I ¶ 5.) However, Defendants have provided Plaintiff's interrogatory answers, in which Plaintiff alleges that Defendant Wilson kicked and punched him, pulled his clothes off his body and pulled the sheets off his bed. (ECF No. 57-3, Ex. A ¶¶ 4, 5.) During Plaintiff's deposition, he testified to the following:

> No, [Defendant Wilson] kicked me on both legs. She kicked me on the bottom of my leg. She kicked me on my calves. If you want to be specific, I am being specific. She kicked me, she stomped me on my calves, both feet. She kicked me on my heel, both feet. She kicked me on the bottom of my feet, both feet and she kept stomping me and stomping me again.

(ECF No. 57-3, Ex. E, Pl. Deposition Testimony, 9/28/2021 at 83:1-8.) Thus, the record evidence raises sufficient issues of material fact as to what force was used and whether it was reasonable.

The entirety of Defendants' argument regarding the claims against Defendant Wilson relies on the accusation that Plaintiff has failed to provide any medical evidence, including evidence from a medical expert, that he has suffered an injury from the alleged use of excessive force. Plaintiff does not dispute that he has not produced medical evidence from an expert. Rather, he submits in his opposition brief that on December 26, 2016, during his medical check-up, he complained about bruised ribs and a sore leg and that the medical staff failed to document his complaint. (ECF No. 58 and 5.) Additionally, Defendants have provided the Court with Plaintiff's answers to interrogatories, wherein Plaintiff claims he suffered bruised ribs, sore and aching pain

in his right leg, and permanent infliction of emotional distress. (ECF No. 57-3, Ex. A. ¶ 6.) Plaintiff testified at his deposition that he still feels a little pain in his leg, "but [he] doesn't know if it is nerve damage." (ECF No. 57-3, Ex. D, Pl. Deposition Testimony, 9/28/2021 at 71:23-25.) Plaintiff also testified that his ribs had black and blue marks on them after that alleged assault. (*Id.* at 72:12.)

An inmate need not prove that the harm he suffered was sufficiently serious in order to make out a constitutional claim where excessive force was used, as the absence of significant injury does not necessarily foreclose the inquiry. *Hudson*, 503 U.S. at 7; *see also Brooks v.Kyler*, 204 F.3d 102, 108–09 (3d Cir. 2000) ("[T]he absence of objective proof of non-de minimis injury does not alone warrant dismissal."). Plaintiff does not dispute that the record before the Court does not contain medical records regarding Plaintiff's injuries. Plaintiff's deposition testimony and interrogatory answers, however, create a genuine issue of material fact regarding to what extent, if any, Plaintiff was injured in the alleged assault.

There are disputed facts precluding summary judgment. As such, Defendants' motion for summary judgment is denied as to this issue.[4]

### 2. Defendant Muir

Defendants move for summary judgment on Plaintiff's conspiracy claim, arguing that Defendant Muir was not involved in the alleged incident that took place on December 23, 2016. (ECF No. 57-4 at 8-9.) Defendants submit that Defendant Muir was not working at Union County Jail on December 23, 2016. (*Id.*) Defendants have submitted discovery evidence of a daily roster from December 23, 2016, and the investigation report from the incident, which Defendants claim

---

[4] As noted above, the Court previously proceeded state law claim for assault, cruel and unusual punishment, and intentional infliction of emotional distress against Defendant Wilson. Defendants' motion for summary judgment fails to address which specific counts against Defendant Wilson they are seeking dismissal of. The motion for summary judgment gives a generalized argument regarding Plaintiff's lack of evidence of injury. The motion does not address the legal standards to state a claim of assault, cruel and unusual punishment, or intentional infliction of emotional distress. It further does not address why the evidence of record does not support these individual claims. Accordingly, the Court will not address Plaintiff's state law claims herein and those claims remain against Defendant Wilson.

show Defendant Muir was not working on the day of the alleged incident. (ECF No. 57-3, Exs. K and L.)

To state a claim for conspiracy under § 1983, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), superseded in part by statute on other grounds as recognized by *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 730 (3d Cir. 2009). To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993), abrogated on other grounds by *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir.2003). To survive summary judgment, a plaintiff cannot rely on subjective suspicions and unsupported speculation. *See Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991); *see also Payne v. Gordon*, 3:17-cv-1230, 2018 WL 3649026, at *11 (M.D. Pa. Aug. 1, 2018) (noting that "to successfully counter a motion for summary judgment, a plaintiff must provide specific evidence establishing that defendants agreed among themselves to act against him either unlawfully or for an unlawful purpose").

A defendant in a civil rights matter may only be held liable for an alleged violation of the plaintiff's constitutional rights where that defendant had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court has reviewed the daily roster from December 23, 2016, which is attached as an exhibit to Defendants' motion and Defendant Muir's name does not appear on said roster. (*See* ECF No. 57-3, Ex. K.) Additionally,

the investigation report, which Defendants attached to their motion, indicates that Sergeant Nagy was the sergeant assigned to Plaintiff's floor on December 23, 2016. (*See* ECF No. 57-3, Ex. L.)

Plaintiff opposes dismissal of this claim, arguing that while he does not have a personal relationship with Defendant Muir, the name Muir was on a uniform tag of an individual who was present on the day of the alleged incident. (*See* ECF No. 58 at 5.) At summary judgment, the allegations in a plaintiff's brief do not create a dispute as to material issues of fact. *Orsatti v. N. J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case."). Plaintiff also attaches discovery evidence of the Union County Jail of a separate daily roster from December 23, 2016, which also does not include the name of Defendant Muir. (*Id.* at 7-8.) Plaintiff has thus failed to provide evidence that of Defendant Muir's involvement in the December 23, 2016 incident. Accordingly, Defendant Muir is entitled to summary judgment as to Plaintiff's conspiracy claim.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 57) is **granted in part** and **denied in part**. The motion for summary judgment is denied as to Defendant Wilson. The motion for summary judgment is granted as to the §1983 conspiracy claim against Defendant Muir. Defendant Muir is dismissed from this matter. An appropriate Order accompanies this Opinion.

DATED: June 16, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge